ALVAREZ, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 163.—Resuelto en diciembre 1, 1913.

</div>

VENTA CON PACTO DE RETRO Y ARRENDAMIENTO—CONSUMACIÓN DE LA VENTA FUNDADA EN FALTA DE PAGO DE LOS CÁNONES—MANERA DE DEMOSTRAR EL INCUMPLIMIENTO DE LA CONDICIÓN.—Si bien en términos generales sólo es necesario que no aparezca cumplida en el registro la condición impuesta en un contrato de venta con pacto de retro, para que el registrador, a instancia de la parte interesada, proceda, a anotar la consumación de la venta, sin embargo, en casos como el presente en que se trata de un contrato de venta de un inmueble con pacto de retro y a la vez de arrendamiento y en el que se hace depender la consumación de la venta del pago de los arrendamientos, hecho este que, por regla general, no se consigna cada vez que se realiza en el registro, es conveniente que la falta de cumplimiento de la condición no sólo aparezca del registro si que también se acredite de algún otro modo, por ejemplo, por medio de un escrito jurado por el peticionario.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El recurrido no compareció.

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

El 16 de junio de 1912 comparecieron ante notario público Doña Sofía Rufat viuda de Márquez y Don Isidoro Alvarez González y la primera vendió con pacto de retro al segundo dos fincas rústicas, que el segundo en el mismo acto arrendó a la primera, pactándose que "si transcurrieren 15 días después del vencimiento de cualquier trimestre, sin satisfacerse al arrendador las rentas devengadas, se considerará, por este hecho, vencido desde luego el término prefijado para redimir las fincas, adquiriendo el arrendador el absoluto dominio de las mismas."

La escritura pública otorgada fué inscrita en el Registro de la Propiedad de San Juan, Sección 1ª., con respecto a una de las fincas vendidas situada en Río Piedras, y el 3 de octubre de 1913, fué presentada de nuevo en el registro acompañada de un *affidavit* en el cual se hacía constar que Doña Sofía Rufat no había satisfecho ninguno de los cánones del arrendamiento, habiendo transcurrido más de tres trimestres sin que la repetida señora hubiera efectuado el pago. Esta nueva presentación se hizo con objeto de que el registrador anotara la consumación de la venta. El registrador se negó a ello por medio de la siguiente nota contra la cual se interpuso el presente recurso gubernativo.

"No admitida la nota de consumación de venta que se solicita, por no haberse acreditado que la vendedora Doña Sofía Rufat viuda de Márquez, haya dejado de satisfacer las mensualidades del arrendamiento señaladas en la escritura, según la resolución del Tribunal Supremo de Puerto Rico de 28 de junio último, número 148, y si bien se presenta un *affidavit* suscrito por el comprador Don Isidoro Alvarez, este documento no se considera bastante a los fines indicados; y extendida en su lugar nota preventiva por el término legal al margen de la inscripción 4ª. de la finca número 1295 al folio 72 vuelto del tomo 25 de Río Piedras. San Juan, Puerto Rico y octubre 16 de 1913."

El caso decidido por esta Corte Suprema el 28 de junio de 1913 a que se refiere el registrador, fué el de *Rosado v. El Registrador,* (pág. 972). La recurrente había comprado con pacto de retro y arrendado al vendedor ciertas fincas, conviniéndose en que si vencidas tres mensualidades consecutivas no fueren puntualmente satisfechas, se consideraría vencida la obligación total del contrato y con derecho la compradora a pedir que se anotara en el registro la consumación de la venta. Posteriormente, según constancia del registro, el derecho a retraer se transfirió a otra persona. Del expediente no aparecía la forma en que la peticionaria había solicitado la anotación de la consumación de la venta, y esta Corte Suprema, atendidas todas las circunstancias del caso y no constando en forma alguna que la recurrente acreditara la falta de cumplimiento de la condición por parte de la persona que sustituyó en sus derechos al primitivo vendedor y arrendatario, confirmó la nota recurrida por virtud de la cual el registrador se había negado a consignar la consumación de la venta.

Como puede verse, si bien este caso que resolvemos guarda estrecha relación con el resuelto en 28 de junio de 1913, difieren las circunstancias concurrentes en los mismos. En el de Rosado no constaba claramente la forma en que se había solicitado la nota de consumación, ni se acreditó la falta de cumplimiento de la condición resolutoria. En este consta con toda claridad la manera en que se ha solicitado la consumación y se ha acreditado además la falta de cumplimiento de la condición, no sólo por no aparecer del registro satisfechos los arrendamientos dentro del plazo fijado en el contrato, si que también por medio de un escrito debidamente jurado.

Si aplicamos la doctrina consignada en las resoluciones de la Dirección General de los Registros de España de 28 de junio de 1881 y 5 de noviembre de 1883, y la opinión del comentarista Galindo, tomo 1, pág. 633, de su Legislación Hipotecaria, podría decidirse que sólo es necesario que no aparezca cumplida en el registro la condición, para que el

registrador a instancia de la parte interesada proceda a anotar la consumación.  Sin embargo, en casos como el presente y el de *Rosado* v. *El Registrador,* (pág. 972), en que se trata de contratos de venta con pacto de retro y ·a la vez de arrendamiento en los cuales se hace depender la consumación de la venta del pago de los arrendamientos, hecho este último que por regla general no se hace constar cada vez que se realiza en el registro, es conveniente que la falta de cumplimiento de la condición no sólo aparezca del registro sino que también se acredite de algún otro modo, y el de un escrito jurado por el mismo peticionario nos parece apropiado y suficiente.

Por las razones expuestas debe revocarse la nota recurrida y ordenarse al registrador que proceda a verificar la anotación solicitada.

*Revocada.*


· Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.